Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt - 031930
jleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911
*Attorneys for Plaintiff/Counter-claimant*

Myles P. Hassett, No. 012176
mph@hassettlawfirm.com
Jamie A. Glasser, No. 029729
jamie@hassettlawfirm.com
David R. Seidman, No. 031663
drs@hassettlawfirm.com
HASSETT GLASSER, P.C.
1221 East Osborn Road, Suite 102A
Phoenix, Arizona 85014-5540
Telephone: (602) 264-7474
*Attorneys for Counter-Defendant*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reliance Hospitality LLC, d/b/a Reliance Hotel Group, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>5251 S. Julian Drive, LLC d/b/a Stay Tucson Inn and Suites, a Delaware limited liability company,<br><br>Defendant. | No. CV-22-00149-TUC-JAS-MSA<br><br>**RELIANCE HOSPITALITY, LLC D/B/A RELIANCE HOTEL GROUP'S ANSWER TO COUNTERCLAIM-PLAINTIFFS' COUNTERCLAIM**<br><br>**and**<br><br>**RELIANCE HOSPITALITY, LLC D/B/A RELIANCE HOTEL GROUP'S COUNTERCLAIMS IN REPLY** |
| 5251 S. Julian Drive, LLC, d/b/a Stay Tucson Inn and Suites; 2930 Waterfront Parkway IN, LLC, d/b/a Waterfront Hotel & Conference Center; Crown South Hill Owners LLC, d/b/a Crowne Plaza Pittsburgh South; 500 Mansfield Avenue Owner LLC, d/b/a Doubletree by Hilton Pittsburgh-Green Tree: 101 Mall Boulevard Owner LLC. d/b/a Doubletree by Hilton Pittsburgh-Monroeville Convention Center; and 383 South Center Street, Windsor Locks, LLC d/b/a Ramada by Wyndham Windsor Locks,<br><br>Counterclaim-Plaintiffs,<br><br>vs.<br><br>Reliance Hospitality, LLC, d/b/a Reliance | |

8504697v1(70681.4)

Hotel Group,

Counter-Defendant.

Reliance Hospitality, LLC, d/b/a Reliance Hotel Group,

Counterclaimant,

2930 Waterfront Parkway IN, LLC, d/b/a Waterfront Hotel & Conference Center; Crown South Hill Owners LLC, d/b/a Crowne Plaza Pittsburgh South; 500 Mansfield Avenue Owner LLC, d/b/a Doubletree by Hilton Pittsburgh-Green Tree: 101 Mall Boulevard Owner LLC. d/b/a Doubletree by Hilton Pittsburgh-Monroeville Convention Center; and 383 South Center Street, Windsor Locks, LLC d/b/a Ramada by Wyndham Windsor Locks,

Counterdefendants,

Plaintiff and Counterclaim-Defendant Reliance Hospitality, LLC, d/b/a Reliance Hotel Group ("Reliance"), for its answer to Defendant and Counterclaim-Plaintiffs 5251 S. Julian Drive, LLC, d/b/a Stay Tucson Inn and Suites ("5251 S. Julian"), 2930 Waterfront Parkway IN LLC, d/b/a Waterfront Hotel & Conference Center ("2930 Waterfront"), Crown South Hill Owners LLC, d/b/a Crowne Plaza Pittsburgh South ("Crown South"), 500 Mansfield Avenue Owner LLC, d/b/a Doubletree by Hilton Pittsburgh-Green Tree ("500 Mansfield"), 101 Mall Boulevard Owner LLC, d/b/a Doubletree by Hilton Pittsburgh-Monroeville Convention Center ("101 Mall"), and 383 South Center Street, Windsor Locks LLC, d/b/a Ramada by Wyndham Windsor Locks ("383 South Center") (collectively, "Counterclaim Plaintiffs") Counterclaim (the "Counterclaim") states as follows:

## NATURE OF ACTION

1. Reliance denies the allegations of paragraph 1 of the Counterclaim.

2. Answering the allegations of paragraph 2 of the Counterclaim, Reliance admits only that Reliance entered into hotel management agreements with Counterclaim

2

Plaintiffs between September 2019 and August 2021, such as the Stay Tucson Inn and Suites in Tucson, Arizona (the "Stay Tucson Hotel"), the Waterfront Hotel & Conference Center in Indianapolis, Indiana (the "Waterfront Hotel"), and the Crowne Plaza Pittsburgh South in Pittsburgh, Pennsylvania (the "Crowne Plaza Hotel"). Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 2 of the Counterclaim and therefore denies same.

3.    Reliance denies the allegations of paragraph 3 of the Counterclaim.

4.    Reliance denies the allegations of paragraph 4 of the Counterclaim.

5.    Reliance denies the allegations of paragraph 5 of the Counterclaim.

## THE PARTIES

6.    Answering the allegations of paragraph 6 of the Counterclaim, Reliance admits only that 5251 S. Julian is a Delaware limited liability company that owns the Stay Tucson Hotel located at 5251 S. Julian Drive, Tucson, Arizona 85706. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 6 of the Counterclaim and therefore denies same.

7.    Answering the allegations of paragraph 7 of the Counterclaim, Reliance admits only that 2930 Waterfront was an Indiana limited liability company that owned the Waterfront Hotel located at 2930 Waterfront Parkway West Drive, Indianapolis, Indiana 46214. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 7 of the Counterclaim and therefore denies same.

8.    Answering the allegations of paragraph 8 of the Counterclaim, Reliance admits only that Crown South is a Delaware limited liability company and that, on information and belief, the Crowne Plaza Hotel located at 164 Fort Couch Road, Pittsburgh, Pennsylvania 15241 is owned by Crown South-Hills Owner LLC. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 6 of the Counterclaim and therefore denies same.

3

9. Answering the allegations of paragraph 9 of the Counterclaim, Reliance admits only that 500 Mansfield is a Pennsylvania limited liability company that owns a property identified as the Doubletree by Hilton Hotel Pittsburgh-Green Tree, located at 500 Mansfield Avenue, Pittsburgh, Pennsylvania 15205 (the "Green Tree Hotel"). Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 6 of the Counterclaim and therefore denies same.

10. Answering the allegations of paragraph 10 of the Counterclaim, Reliance admits only that 101 Mall is a Pennsylvania limited liability company and that, on information and belief, the property identified as the Doubletree by Hilton Pittsburgh-Monroeville Convention Center located at 101 Mall Blvd., Monroeville, Pennsylvania 15146 (the "Monroeville Hotel") is owned by 101 Monroeville Boulevard Owner LLC. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 6 of the Counterclaim and therefore denies same.

11. Answering the allegations of paragraph 11 of the Counterclaim, Reliance admits only that 383 South Center is a Connecticut limited liability company that owns a property identified as the Ramada by Wyndham Windsor Locks hotel located at 383 South Center Street, Windsor Locks, Connecticut 06096 (the "Windsor Locks Hotel"). Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 6 of the Counterclaim and therefore denies same.

12. Answering the allegations of paragraph 12 of the Counterclaim, Reliance admits only that it is a Delaware limited liability company with one member who is a natural person with an address in Arizona.

## JURISDICTION AND VENUE

13. Answering the allegations of paragraph 13 of the Counterclaim, Reliance admits only that jurisdiction is appropriate. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 13 of the Counterclaim and therefore denies same.

4

8504697v1(70681.4)

14.     Answering the allegations of paragraph 14 of the Counterclaim, Reliance admits only that it jurisdiction is appropriate. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 14 of the Counterclaim and therefore denies same.

15.     Answering the allegations of paragraph 15 of the Counterclaim, Reliance admits only that venue is appropriate. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 15 of the Counterclaim and therefore denies same.

## **FACTUAL ALLEGATIONS**

16.     Answering the allegations of paragraph 16 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs appear to have quoted from Reliance's webpage and denies any allegations of liability or wrongdoing, express or implied.

17.     Answering the allegations of paragraph 17 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs entered into hotel management agreements with Reliance. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 17 of the Counterclaim and therefore denies same.

18.     Answering the allegations of paragraph 18 of the Counterclaim, Reliance admits only that 5251 S. Julian entered into a hotel management agreement with Reliance dated September 11, 2019, regarding the Stay Tucson Hotel (the "Stay Tucson HMA"), and that Exhibit A to the Counterclaim appears to be a copy of the Stay Tucson HMA. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 18 of the Counterclaim and therefore denies same.

19.     Answering the allegations of paragraph 19 of the Counterclaim, Reliance admits only that 383 South Center entered into a hotel management agreement with Reliance dated December 17, 2019, regarding the Windsor Locks Hotel (the "Windsor Locks HMA"), and that Exhibit B to the Counterclaim appears to be a copy of the

5

Windsor Locks HMA. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 19 of the Counterclaim and therefore denies same.

20.     Answering the allegations of paragraph 20 of the Counterclaim, Reliance admits only that 101 Mall entered into a hotel management agreement with Reliance dated January 15, 2020, regarding the Monroeville Hotel (the "Monroeville HMA"), and that Exhibit C to the Counterclaim appears to be a copy of the Monroeville HMA. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 20 of the Counterclaim and therefore denies same.

21.     Answering the allegations of paragraph 21 of the Counterclaim, Reliance admits only that 2930 Waterfront entered into a hotel management agreement with Reliance dated June 25, 2020, regarding the Waterfront Hotel (the "Waterfront HMA"), and that Exhibit D to the Counterclaim appears to be a copy of the Waterfront HMA. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 21 of the Counterclaim and therefore denies same.

22.     Answering the allegations of paragraph 22 of the Counterclaim, Reliance admits only that 500 Mansfield entered into a hotel management agreement with Reliance dated June 21, 2021, regarding the Green Tree Hotel (the "Green Tree HMA"), and that Exhibit E to the Counterclaim appears to be a copy of the Green Tree HMA. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 22 of the Counterclaim and therefore denies same.

23.     Answering the allegations of paragraph 23 of the Counterclaim, Reliance admits only that Crown South entered into a hotel management agreement with Reliance dated August 4, 2021, regarding the Crowne Plaza Hotel (the "Crowne Plaza HMA"), and that Exhibit F to the Counterclaim appears to be a copy of the Crowne Plaza HMA. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 23 of the Counterclaim and therefore denies same.

8504697v1(70681.4)

24.     Answering the allegations of paragraph 24 of the Counterclaim, Reliance admits only that the Stay Tucson HMA, the Windsor Locks HMA, the Monroeville HMA, the Waterfront HMA, the Green Tree HMA, and the Crowne Plaza HMA (collectively, the "HMAs") contain many similar provisions, terms, and conditions.

25.     Answering the allegations of paragraph 25 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 1.1 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

26.     Answering the allegations of paragraph 26 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 1.1 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 26 of the Counterclaim and therefore denies same.

27.     Answering the allegations of paragraph 27 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 1.1(a) of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

28.     Answering the allegations of paragraph 28 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted from section 1.1(f) of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

7

29.    Answering the allegations of paragraph 29 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 1.1(j) of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

30.    Answering the allegations of paragraph 30 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 1.1(k) of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

31.    Answering the allegations of paragraph 31 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 1.1(n) of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

32.    Answering the allegations of paragraph 32 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 1.1(o) of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

33.    Answering the allegations of paragraph 33 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 1.1(p) of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

34.    Answering the allegations of paragraph 34 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 1.2 of the HMAs and

8504697v1(70681.4)

asserts that thee statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

35. Answering the allegations of paragraph 35 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 6.1 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

36. Answering the allegations of paragraph 36 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 6.1 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

37. Answering the allegations of paragraph 37 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 6.2 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

38. Answering the allegations of paragraph 38 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 6.4 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

39. Answering the allegations of paragraph 39 of the Counterclaim, Reliance admits only that section 7.1 of the HMAs describes certain management fees that Counterclaim Plaintiffs owed to Reliance, that such management fees varied under each HMA, and that the statement and section 7.1 of the HMAs must be read and understood

8504697v1(70681.4)

in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 39 of the Counterclaim and therefore denies same.

40. Answering the allegations of paragraph 40 of the Counterclaim, Reliance admits only that sections 2.1, 2.2, 9.1, and 9.2 of the HMAs set forth: that each HMA was in effect for an initial three-year term that automatically renewed unless elected not to renew; that either party could terminate an HMA effective immediately by reason of the other party's gross negligence, willful misconduct, or fraud; and bases for other "Termination Events." Reliance asserts that only the Green Tree and Crown Plaza HMAs contain section 2.3, which sets forth, among other things, that those HMAs could be cancelled upon thirty (30) days' notice. Reliance asserts that these statements must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 40 of the Counterclaim and therefore denies same.

41. Answering the allegations of paragraph 41 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 9.6 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 41 of the Counterclaim and therefore denies same.

42. Answering the allegations of paragraph 42 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 9.7 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or

10

implied. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 42 of the Counterclaim and therefore denies same.

43. Answering the allegations of paragraph 43 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs have quoted part of section 13.2 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

44. Answering the allegations of paragraph 44 of the Counterclaim, Reliance admits only that section 14.7 of the HMAs provides that any disputes arising from the HMAs shall be governed by, construed, and enforced in accordance with Arizona law.

45. Answering the allegations of paragraph 45 of the Counterclaim, Reliance admits only that the COVID-19 pandemic occurred during the effective periods of the HMAs. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 45 of the Counterclaim and therefore denies same.

46. Reliance denies the allegations of paragraph 45 of the Counterclaim.

47. Answering the allegations of paragraph 47 of the Counterclaim, Reliance admits only that it was asked to work with a law firm to assist with obtaining a liquor license for the Green Tree Hotel. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 47 of the Counterclaim and therefore denies same.

48. Answering the allegations of paragraph 48 of the Counterclaim, Reliance admits only that it was asked to work with a law firm to assist with obtaining a liquor license for the Green Tree Hotel. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 48 of the Counterclaim and therefore denies same.

11

8504697v1(70681.4)

49. Reliance denies the allegations of paragraph 49 of the Counterclaim.

50. Reliance denies the allegations of paragraph 50 of the Counterclaim.

51. Reliance denies the allegations of paragraph 51 of the Counterclaim.

52. Answering the allegations of paragraph 52 of the Counterclaim, Reliance admits only that 500 Mansfield stopped paying for the existing liquor license, and has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 52 of the Counterclaim and therefore denies same.

53. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 53 of the Counterclaim and therefore denies same.

54. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 54 of the Counterclaim and therefore denies same.

55. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 55 of the Counterclaim and therefore denies same.

56. Reliance denies the allegation of paragraph 56 of the Counterclaim related to the alleged failure to timely provide profit-and-loss statements. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 56 of the Counterclaim and therefore denies same.

57. Answering the allegations of paragraph 57 of the Counterclaim, Reliance admits only that, on information and belief, a representative of 500 Mansfield showed up at the Green Tree Hotel. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 57 of the Counterclaim and therefore denies same.

58. Reliance denies the allegations of paragraph 58 of the Counterclaim.

8504697v1(70681.4)

59.    Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 59 of the Counterclaim and therefore denies same.

60.    Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 60 of the Counterclaim and therefore denies same.

61.    Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 61 of the Counterclaim and therefore denies same.

62.    Answering the allegations of paragraph 62 of the Counterclaim, Reliance admits only that the Monroeville Hotel had multiple managers between July 2021 and September 2021 and denies the remaining allegations.

63.    Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 63 of the Counterclaim and therefore denies same.

64.    Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 64 of the Counterclaim and therefore denies same.

65.    Answering the allegations of paragraph 65 of the Counterclaim, Reliance admits only that it was asked to assist with obtaining a liquor license for the Monroeville Hotel and denies the remaining allegations.

66.    Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 66 of the Counterclaim and therefore denies same.

67.    Reliance denies the allegations of paragraph 67 of the Counterclaim.

68.    Reliance denies the allegations of paragraph 68 of the Counterclaim.

69.    Reliance denies the allegations of paragraph 69 of the Counterclaim.

8504697v1(70681.4)

70. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 70 of the Counterclaim and therefore denies same.

71. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 71 of the Counterclaim and therefore denies same.

72. Answering the allegations of paragraph 72 of the Counterclaim, Reliance admits only that 2930 Waterfront was aware of the need to address issues with the fire panel at the Waterfront Hotel and denies any allegations of liability or wrongdoing, express or implied. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 73 of the Counterclaim and therefore denies same.

73. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 73 of the Counterclaim concerning 2930 Waterfront's knowledge and actions and therefore denies same. Reliance denies the remaining allegations of paragraph 73 of the Counterclaim, and denies any allegations of liability or wrongdoing, express or implied.

74. Reliance denies the allegations of paragraph 74 of the Counterclaim.

75. Answering the allegations of paragraph 75 of the Counterclaim, Reliance admits only that an associate was terminated for collecting money from hotel clients. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 75 of the Counterclaim and therefore denies same.

76. Reliance denies the allegations of paragraph 76 of the Counterclaim.

77. Reliance denies the allegations of paragraph 77 of the Counterclaim.

78. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 78 of the Counterclaim and therefore denies same.

14

8504697v1(70681.4)

79.    Reliance denies the allegations of paragraph 79 of the Counterclaim.

80.    Reliance denies the allegations of paragraph 80 of the Counterclaim.

81.    Reliance denies the allegations of paragraph 81 of the Counterclaim.

82.    Reliance denies the allegations of paragraph 82 of the Counterclaim.

83.    Reliance denies the allegations of paragraph 83 of the Counterclaim.

84.    Reliance denies the allegations of paragraph 84 of the Counterclaim.

85.    Reliance denies the allegations of paragraph 85 of the Counterclaim.

86.    Answering the allegations of paragraph 86 of the Counterclaim, Reliance admits only that 500 Mansfield and Crown South terminated the Green Tree HMA and the Crowne Plaza HMA, respectively. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 86 of the Counterclaim and therefore denies same.

87.    Answering the allegations of paragraph 86 of the Counterclaim, Reliance admits only that 101 Mall and 383 South Center terminated the Monroeville HMA and the Windsor Locks HMA, respectively. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 87 of the Counterclaim and therefore denies same.

88.    Answering the allegations of paragraph 88 of the Counterclaim, Reliance admits only that it terminated the Stay Tucson HMA and the Waterfront HMA in or around February 2022 and denies the remaining allegations.

89.    Reliance denies the allegations of paragraph 89 of the Counterclaim.

90.    Reliance denies the allegations of paragraph 90 of the Counterclaim.

**FIRST CAUSE OF ACTION**
**(Breach of the 500 Mansfield HMA**
**and Oral Agreement to Secure Liquor**
**License, by 500 Mansfield Against Reliance)**

91.    Reliance adopts and reasserts its answers to the allegations of paragraphs 1 through 90 of the Counterclaim.

15

8504697v1(70681.4)

92. Answering the allegations of paragraph 92 of the Counterclaim, Reliance admits only that the Green Tree HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 92 of the Counterclaim and therefore denies same.

93. Answering the allegations of paragraph 93 of the Counterclaim, Reliance admits only that the Green Tree HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 93 of the Counterclaim and therefore denies same.

94. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 94 of the Counterclaim and therefore denies same.

95. Reliance denies the allegations of paragraph 95 of the Counterclaim.

96. Answering the allegations of paragraph 96 of the Counterclaim, Reliance admits only that it was asked to assist with obtaining a liquor license for the Green Tree Hotel. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 96 of the Counterclaim and therefore denies same.

97. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 97 of the Counterclaim and therefore denies same.

98. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 98 of the Counterclaim and therefore denies same.

99. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 99 of the Counterclaim and therefore denies same.

100. Reliance denies the allegations of paragraph 100 of the Counterclaim.

8504697v1(70681.4)

101.    Reliance denies the allegations of paragraph 101 of the Counterclaim.

**SECOND CAUSE OF ACTION**
**(Breach of the 101 Mall HMA,**
**by 101 Mall Against Reliance)**

102.    Reliance adopts and reasserts its answers to the allegations of paragraphs 1 through 101 of the Counterclaim.

103.    Answering the allegations of paragraph 103 of the Counterclaim, Reliance admits only that the Monroeville HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 103 of the Counterclaim and therefore denies same.

104.    Answering the allegations of paragraph 104 of the Counterclaim, Reliance admits only that the Monroeville HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 104 of the Counterclaim and therefore denies same.

105.    Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 105 of the Counterclaim and therefore denies same.

106.    Reliance denies the allegations of paragraph 106 of the Counterclaim.

107.    Reliance denies the allegations of paragraph 107 of the Counterclaim.

**THIRD CAUSE OF ACTION**
**(Breach of the 2930 Waterfront HMA,**
**by 2930 Waterfront Against Reliance)**

108.    Reliance adopts and reasserts its answers to the allegations of paragraphs 1 through 107 of the Counterclaim.

109.    Answering the allegations of paragraph 109 of the Counterclaim, Reliance admits only that the Waterfront HMA was an enforceable contract when it was executed.

8504697v1(70681.4)

Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 109 of the Counterclaim and therefore denies same.

110. Answering the allegations of paragraph 110 of the Counterclaim, Reliance admits only that the Waterfront HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 110 of the Counterclaim and therefore denies same.

111. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 111 of the Counterclaim and therefore denies same.

112. Reliance denies the allegations of paragraph 112 of the Counterclaim.

113. Reliance denies the allegations of paragraph 113 of the Counterclaim.

**FOURTH CAUSE OF ACTION**
**(Breach of the 383 South Center HMA,**
**by 383 South Center Against Reliance)**

114. Reliance adopts and reasserts its answers to the allegations of paragraphs 1 through 113 of the Counterclaim.

115. Answering the allegations of paragraph 115 of the Counterclaim, Reliance admits only that the Windsor Locks HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 115 of the Counterclaim and therefore denies same.

116. Answering the allegations of paragraph 116 of the Counterclaim, Reliance admits only that the Windsor Locks HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 116 of the Counterclaim and therefore denies same.

18

117.   Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 117 of the Counterclaim and therefore denies same.

118.   Reliance denies the allegations of paragraph 118 of the Counterclaim.

119.   Reliance denies the allegations of paragraph 119 of the Counterclaim.

**FIFTH CAUSE OF ACTION**
**(Breach of the 5251 S. Julian HMA,**
**by 5251 S. Julian Against Reliance)**

120.   Reliance adopts and reasserts its answers to the allegations of paragraphs 1 through 119 of the Counterclaim.

121.   Answering the allegations of paragraph 121 of the Counterclaim, Reliance admits only that the Stay Tucson HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 121 of the Counterclaim and therefore denies same.

122.   Answering the allegations of paragraph 122 of the Counterclaim, Reliance admits only that the Stay Tucson HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 122 of the Counterclaim and therefore denies same.

123.   Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 123 of the Counterclaim and therefore denies same.

124.   Reliance denies the allegations of paragraph 124 of the Counterclaim.

125.   Reliance denies the allegations of paragraph 125 of the Counterclaim.

**SIXTH CAUSE OF ACTION**
**(Breach of the Crown South Hill HMA,**
**by Crown South Hill Against Reliance)**

8504697v1(70681.4)

126.    Reliance adopts and reasserts its answers to the allegations of paragraphs 1 through 125 of the Counterclaim.

127.    Answering the allegations of paragraph 127 of the Counterclaim, Reliance admits only that the Crowne Plaza HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 127 of the Counterclaim and therefore denies same.

128.    Answering the allegations of paragraph 128 of the Counterclaim, Reliance admits only that the Crowne Plaza HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 128 of the Counterclaim and therefore denies same.

129.    Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 129 of the Counterclaim and therefore denies same.

130.    Reliance denies the allegations of paragraph 130 of the Counterclaim.

131.    Reliance denies the allegations of paragraph 131 of the Counterclaim.

132.    Reliance denies every allegation of the Counterclaim not expressly admitted.

## **AFFIRMATIVE DEFENSES**

For its affirmative defenses to all claims for relief, Reliance states the following:

1.    Counterclaim Plaintiffs have failed to state a claim against Reliance upon which relief can be granted.

2.    Counterclaim Plaintiffs may have proximately caused or proximately contributed to their alleged damages, which may be reduced in proportion to the degree of fault attributable to Counterclaim Plaintiffs, all in accordance with A.R.S. §§12-2505 *et seq*.

20

8504697v1(70681.4)

3.     The damages alleged in the Counterclaim were proximately caused by the negligent or wrongful acts of others, or by subsequent intervening or superseding events or forces not controlled by or the responsibility of Reliance.

4.     Counterclaim Plaintiffs are not entitled to recover non-financial damages for an economic loss allegedly arising out of Reliance's conduct, if any.

5.     Counterclaim Plaintiffs' claims may be barred in whole or in part by applicable statutes of limitations.

6.     Counterclaim Plaintiffs have no factual or legal basis for their claim for attorneys' fees, which is made without a good faith basis under Fed. R. Civ. P. 11, and Reliance is entitled to attorneys' fees under A.R.S. § 12-349 for having to defend against this unsupported claim.

7.     Counterclaim Plaintiffs may have failed to mitigate their damages.

8.     Counterclaim Plaintiffs cannot recover pre-judgment interest on their unliquidated claims, if any.

9.     On information and belief, Reliance asserts the affirmative defenses of assumption of risk, estoppel, failure of consideration, fraud, laches, statute of frauds, no damages, and waiver.

10.     On information and belief, Counterclaim Plaintiffs' Counterclaim is barred by other equitable and legal principles, including but not limited to unclean hands/inequitable conduct, the election of remedies doctrine, offset, set-off, and recoupment.

11.     Reliance reserves the right to amend this Answer to specifically plead any additional matters constituting an avoidance or affirmative defense as discovery may show to be applicable.

Additional facts may be revealed by future discovery in this action which would support affirmative defenses presently available but unknown to Reliance, who therefore

21

alleges, as though set forth herein, all affirmative defenses in Rules 8(c) and 12(b), Federal Rules of Civil Procedure.

WHEREFORE, Reliance prays that the Counterclaim be dismissed, that Reliance be awarded its attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS IN REPLY

Plaintiff Reliance Hospitality, LLC ("Reliance") for its Counterclaim in Reply against (1) 2930 Waterfront Parkway IN, LLC d/b/a Waterfront Hotel & Conference Center; (2) Crown South Hill Owners LLC, d/b/a Crowne Plaza Pittsburgh South; (3) 500 Mansfield Avenue Owner, LLC d/b/a Doubletree by Hilton Pittsburgh-Green Tree; (4) 101 Mall Boulevard Owner, LLC d/b/a Doubletree by Hilton Pittsburgh-Monroeville Convention Center; and (5) 383 South Center Street Windsor Locks, LLC d/b/a Ramada by Wyndham Windsor Locks (collectively "Counterdefendants"), alleges as follows:

## INTRODUCTION

1. This action arose when Counterdefendants materially breached their hotel management agreements with Reliance causing Reliance to incur substantial financial damages.

## PARTIES AND JURISDICTION

2. Reliance is a Delaware limited liability company with corporate headquarters in Phoenix, Arizona, and primarily conducts its business in Phoenix, Arizona.

3. Reliance is a hotel management company.

4. Counterdefendant 2930 Waterfront parkway IN, LLC ("2930 Waterfront") is an Indiana limited liability company, and owned the hotel known as the Waterfront Hotel & Convention Center, located at 2930 Waterfront Parkway West Drive, Indianapolis, Indiana 46214.

8504697v1(70681.4)

5. Counterdefendant Crown South Hill Owners LLC ("Crowns South Hill") is a Delaware limited liability company and owns or owned the hotel known as the Crowne Plaza Pittsburgh South, located at 164 Fort Couch Road, Pittsburgh, Pennsylvania 15241.

6. Counterdefendant 500 Mansfield Avenue Owner, LLC ("500 Mansfield") is a Pennsylvania limited liability company, and is the owner of the hotel known as the Doubletree by Hilton-Pittsburgh-Green Tree, located at 500 Mansfield Avenue, Pittsburgh, Pennsylvania 15205.

7. Counterdefendant 101 Mall Boulevard Owner LLC ("101 Mall") is a Pennsylvania limited liability company, and owns or owned the hotel known as the Doubletree by Hilton Pittsburgh-Monroeville Convention Center, located at 101 Mall Boulevard, Monroeville, Pennsylvania 15146.

8. Counterdefendant 383 South Center Street Windsor Locks, LLC ("383 South Center") is a Connecticut limited liability company, and is the owner of the hotel known as the Ramada by Wyndham Windsor Locks, located at 383 S. Center Street, Windsor Locks, Connecticut 06096.

9. Reliance managed the Counterdefendants' hotels pursuant to separately executed hotel management agreements (the "Agreements").

10. Counterdefendants have purposefully availed themselves of this Court by filing the "Counterclaim Plaintiffs' Counterclaims" [Doc. 18] on April 25, 2022.

11. The Agreements provide that any disputes arising from the Agreement would be governed by Arizona law.

12. Jurisdiction and venue are proper in this Court because each of the Counterdefendants are non-Arizona residents and the amount in dispute exceeds $75,000.00.

## **FACTUAL BACKGROUND**

### The Agreements

8504697v1(70681.4)

13. The Agreements provide that Reliance was to provide hotel management services to each of the Counterdefendants' hotels.

14. Reliance's contractual duties were to "direct, supervise, manage and operate the Hotel in all aspects in an efficient and economical manner…and to determine and administer the programs and policies to be followed in connection therewith."

15. Pursuant to the Agreements, the Counterdefendants were required to reimburse Reliance for all Operating Expenses incurred by Reliance on behalf of the Counterdefendants, which includes, but is not limited to, employee salaries, payroll taxes, fringe benefits under the Benefit Plans, as well as any other expenses, debts, liabilities and obligations incurred by reason of Reliance's management, supervisions and operation of the respective hotel properties.

16. When it comes to payroll and other employee benefits, Counterdefendants were contractually required to "deposit into the Operating Account…the salary, payroll taxes and fringe benefits under the Benefit Plans at least seven (7) days prior to [Reliance's] payroll date, to the [Plaintiff] for these expenses."

17. The Agreements provide that Counterdefendants were to compensate Reliance for its hotel management services in the form of a monthly management fee.

18. The Agreements provide that if a "Termination Event" occurs, the non-defaulting party may terminate the Agreement by written notice to the defaulting party.

19. The Agreements further provide that a "Termination Event" shall mean, among other things, (a) the failure by either party to pay the other party any sums as and when they become due hereunder and such failure shall continue for ten (10) days after notice of the failure has been given to the party who has failed to pay these sums; or (b) the failure by either party to keep, observe, or perform any material representation, warranty, covenant, agreement, term, condition, or provision of this agreement without reasonable attempt by either party to cure said failure.

8504697v1(70681.4)

20. Counterdefendants breached the Agreements by, among other things, failing to adequately fund the hotels' operations, including payroll, benefits, taxes, premiums, and other operating expenses that were required under the Agreement.

21. Counterdefendants' failure to adequately fund the hotels' operations caused Reliance to make out-of-pocket payments and incur liabilities exceeding $600,000.00.

22. Counterdefendants have failed to cure their defaults under the Agreements, despite being given notice and opportunity to do so.

23. In addition, Counterdefendants 383 South Center and 101 Mall wrongfully terminated their management agreements with Reliance, triggering liquidated damages exceeding $315,000.00.

## COUNT I

## BREACH OF CONTRACT: 2930 WATERFRONT PARKWAY IN, LLC

24. Reliance hereby incorporates all preceding paragraphs by reference.

25. Reliance and 2930 Waterfront entered into an enforceable hotel management agreement.

26. 2930 Waterfront breached its agreement with Reliance by, among other things, failing to adequately fund payroll, failing to pay workers' compensation premiums, failing to pay health insurance premiums, failing to pay Reliance's management fees, and failing to pay the hotel's vendors.

27. 2930 Waterfront's breaches caused Reliance to suffer economic damages.

28. Reliance is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341 *et seq.*

## COUNT II

## BREACH OF CONTRACT: CROWN SOUTH HILL OWNERS, LLC

29. Reliance hereby incorporates all preceding paragraphs by reference.

30. Reliance and Crown South entered into an enforceable hotel management agreement.

25

31. Crown South breached its agreement with Reliance by, among other things, failing to pay health insurance premiums for the hotel's employees.

32. Crown South's breaches caused Reliance to suffer economic damages.

33. Reliance is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341 *et seq.*

## COUNT III

## BREACH OF CONTRACT: 500 MANSFIELD AVENUE OWNER, LLC

34. Reliance hereby incorporates all preceding paragraphs by reference.

35. Reliance and 500 Mansfield entered into an enforceable hotel management agreement.

36. 500 Mansfield breached its agreement with Reliance by, among other things, failing to pay health insurance premiums for the hotel's employees.

37. 500 Mansfield's breach caused Reliance to incur economic damages.

38. Reliance is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341 *et seq.*

## COUNT IV

## BREACH OF CONTRACT: 101 MALL BOULEVARD OWNERS LLC

39. Reliance hereby incorporates all preceding paragraphs by reference.

40. Reliance and 101 Mall entered into an enforceable hotel management agreement.

41. 101 Mall breached its agreement with Reliance by, among other things, failing to fund payroll, failing to pay workers' compensation premiums, failing to pay health insurance premiums, and failing to pay liquidated damages.

42. 101 Mall's breach caused Reliance to suffer economic damages.

43. Reliance is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341 *et seq.*

## COUNT V
## BREACH OF CONTRACT:

8504697v1(70681.4)

**383 SOUTH CENTER ST. WINDSOR LOCKS LLC**

44.     Reliance hereby incorporates all preceding paragraphs by reference.

45.     Reliance and 383 South Center entered into an enforceable hotel management agreement.

46.     383 South Center breached its agreement with Reliance by, among other things, failing to fund payroll, failing to pay health insurance benefit premiums, and failing to pay liquidated damages.

47.     383 South Center's breach caused Reliance to suffer economic damages.

48.     Reliance is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Reliance prays for the following relief against Counterdefendants as follows:

A.     That judgment be entered in favor of Reliance against Counterdefendants;

B.     For such compensatory, general, consequential, and liquidated damages as have been alleged above and which will be more specifically set forth at the time of trial;

C.     For Reliance's attorneys' fees and costs pursuant to Arizona law, including but not limited to A.R.S. §§ 12-341 and 12-341.01.

D.     For pre- and post-judgment interest at the highest rate allowed by law; and For such other and further relief as this Court may deem just and proper.

DATED this 14th day of October, 2022.

JENNINGS, STROUSS & SALMON, P.L.C.

By  *s/Lindsay G. Leavitt*
        Lindsay G. Leavitt
        Jordan T. Leavitt
        One East Washington Street, Suite 1900
        Phoenix, Arizona  85004-2554
        *Attorneys for Plaintiff/Counter-*
        *Defendant Reliance Hospitality Group,*
        *LLC*

27

8504697v1(70681.4)

## CERTIFICATE OF SERVICE

☒    I hereby certify that on October 14, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System with copies emailed to the following:

J. Henk Taylor
Warner Angle & Formanek, PLC
2555 E. Camelback Road, Ste. 800
Phoenix, AZ 85016
htaylor@warnerangle.com
*Attorneys for Defendant 5251 S. Julian Drive, LLC d/b/a Stay Tucson Inn and Suites*

Joshua Wurtzel – Pro Hac Vice
David J. Goldsmith – Pro Hac Vice
Schlam Stone & Dolan, LLP
26 Broadway, 19th Floor
New York, NY 10004
*Attorneys for Defendant 5251 S. Julian Drive, LLC d/b/a Stay Tucson Inn and Suites*
jwurtzel@schlamstone.com
dgoldsmith@schlamstone.com

David R. Seidman
Hassett Glasser
1221 East Osborn Road, Suite 102A
Phoenix, AZ  85014
*Attorneys for Counter-Defendant Reliance Hospitality Group, LLC*
david@hassettglasser.com
maureen@hassettglasser.com

☐    I hereby certify that on_____, I served the attached document by electronic mail on the following, who are not registered participants of the CM/ECF System:

By: */s/ Rebecca C. Lewis*
        Rebecca C. Lewis

8504697v1(70681.4)