# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reliance Hospitality LLC, | No. CV-22-00149-TUC-JAS (MSA) |
| Plaintiff, | **ORDER** |
| v. | |
| 5251 S Julian Drive LLC, et al., | |
| Defendants. | |

On November 29, 2022, the Court alerted the parties to an issue concerning joinder of the "Counterclaim-Plaintiffs." (Doc. 52.) In response, neither side disputes that the Counterclaim-Plaintiffs were misjoined. As for how to address the issue, the Counterclaim-Plaintiffs urge the Court to refrain from dismissing or severing their claims. In the alternative, they indicate that the Court should dismiss their claims without prejudice. *See* Fed. R. Civ. P. 21 (stating that the court may dismiss parties or sever claims when misjoinder occurs). Plaintiff urges the Court to grant it leave to file a first amended complaint naming the misjoined parties as defendants. But Plaintiff provides no reason why it failed to comply with the June 24 amendment deadline set in the Court's Scheduling Order. (Doc. 22).

For the reasons stated in the November 29 order, the Court finds that the Counterclaim-Plaintiffs were misjoined. A court may dismiss a misjoined party "as long as no substantial right will be prejudiced by the [dismissal]." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). Here, in its discretion, the Court will dismiss the Counterclaim-

Plaintiffs and their claims without prejudice. No party has indicated that it has a substantial right that would be prejudiced by dismissal, nor does the record indicate that any prejudice to such a right would occur. To the contrary, both sides acknowledge that they will be able to pursue their claims in a different forum. *See Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 871 (9th Cir. 2013) (finding that no prejudice would occur because the misjoined plaintiffs "remain[ed] free to pursue their claims individually"). Their arguments in support of allowing this case to proceed in its current posture are not persuasive.[1]

**IT IS ORDERED** that the following misjoined parties, and their claims, are **dismissed without prejudice**:

1. 2930 Waterfront Parkway IN LLC, d/b/a Waterfront Hotel & Conference Center;

2. Crown South Hill Owners LLC, d/b/a Crowne Plaza Pittsburgh South;

3. 500 Mansfield Avenue Owner LLC, d/b/a Doubletree by Hilton Pittsburgh-Green Tree;

4. 101 Mall Boulevard Owner LLC, d/b/a Doubletree by Hilton Pittsburgh-Monroeville Convention Center; and

5. 383 South Center Street, Windsor Locks LLC, d/b/a Ramada by Wyndham Windsor Locks.

**IT IS FURTHER ORDERED** that the motion to modify the scheduling order (Doc. 28), motion for leave to amend (Doc. 29), and motion to strike (Doc. 35) are **denied as moot**.

**IT IS FURTHER ORDERED** that the stay imposed on January 9, 2023, is **lifted**.

---

[1] Plaintiff's insistence that it be allowed to file a first amended complaint is especially unconvincing. Plaintiff must seek modification of the scheduling order before seeking leave to amend. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff offers no argument that it was diligent. Nor could it. Plaintiff attempted to file its first amended complaint six weeks after the amendment deadline. In striking the pleading as untimely, the Court cited to *Mammoth Recreations*, which explains that "good cause" under Rule 16(b)(4) means "diligence." Despite that notice, Plaintiff waited an additional two months before moving to modify the scheduling order. That is the opposite of diligence.

**IT IS FURTHER ORDERED** that the remaining parties shall comply with the following schedule:

1. The deadline to complete discovery is **February 24, 2023**.
2. The deadline to file dispositive motions is **April 14, 2023**.
3. A joint proposed pretrial order shall be filed within 30 days after resolution of any dispositive motions filed. If no such motions are filed, the deadline to file a joint proposed pretrial order will be **May 5, 2023**.

Dated this 12th day of January, 2023.

Honorable James A. Soto
United States District Judge

- 3 -