1
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE DISTRICT OF ARIZONA**
8

9 Reliance Hospitality LLC,

No. CV-22-00149-TUC-JAS (MSA)

10          Plaintiff,

**ORDER**

11 v.

12 5251 S Julian Drive LLC,

13          Defendant.

14

15          Before the Court is Plaintiff's Emergency Application for Temporary Restraining

16 Order (Doc. 68), Defendant's Opposition thereto (Doc. 69), and Plaintiff's Reply (Doc.

17 74). Because granting a temporary restraining order would exceed the bounds of this

18 Court's equitable jurisdiction, Plaintiff's Application is DENIED.

19                              **I. BACKGROUND**

20          This action arises from a contract between Plaintiff Reliance Hospitality, a hotel

21 management company, and Defendant 5251 S. Julian Drive, the owner of a hotel which

22 Plaintiff managed. Plaintiff alleges Defendant violated its contractual obligations by

23 failing to adequately fund the hotel's operations, forcing Plaintiff to cover those expenses

24 itself. Defendant brings a counterclaim, alleging mismanagement.

25          Defendant is now apparently poised to sell the hotel—its sole asset—and disperse

26 the proceeds to Defendant's members, all of which are located outside of Arizona.

27 Plaintiff seeks a temporary restraining order requiring Defendant to retain $450,000 in its

28 accounts after selling the hotel to ensure satisfaction of a judgment and attorney's fees

1   should Plaintiff's suit be successful.[1]

2   **II. DISCUSSION**

3   A.

4       This Court lacks authority to grant relief under Rule 65 of the Federal Rules of

5   Civil Procedure because doing so would exceed the limits of its equitable jurisdiction. In

6   *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.,* the Supreme Court held that,

7   in cases primarily seeking monetary damages, District Courts may not grant preliminary

8   injunctions that merely ensure access to money sufficient to satisfy potential monetary

9   awards. 527 U.S. 308, 318-29 (1999). This is because a District Court's equity

10   jurisdiction is coextensive with that "exercised by the High Court of Chancery in England

11   [in] 1789," and the High Court was limited by "the well-established general rule that a

12   judgment establishing [a] debt was necessary before a court of equity would interfere

13   with [a] debtor's use of his property." *Id.* at 318-19, 21.

14       Plaintiff cites *In re Estate of Ferdinand Marcos, Human Rights Litigation,* for the

15   proposition that a pre-trial injunction is appropriate when, without one, a defendant will

16   render itself insolvent, and thus a judgment uncollectable. Doc. 68 at 5-6 (citing 25 F.3d

17   1467 (9th Cir. 1994)). Although this interpretation of *In re Marcos* may have once been

18   viable, the Supreme Court's 1999 decision in *Grupo Mexicano* limits *In re Marcos* to

19   those cases which are primarily based on equitable claims. Although the Supreme Court

20   never cited *In re Marcos* in its *Grupo Mexicano* decision, both opinions analyze *Deckert*

21   *v. Independence Shares Corp.*, 311 U.S. 282 (1940), and from the different treatments of

22   *Deckert*, one can infer a limitation to *In re Marcos.*

23       In *Deckert*, the plaintiffs primarily sought equitable relief, along with some legal

24   relief for damages, and an injunction "incidental" to the primary claim to restrain the

25   defendant from disposing of assets. 311 U.S. at 285. The Ninth Circuit cited *Deckert* for

26

27

28

---

[1] Plaintiff appears to request both a temporary restraining order and a preliminary injunction. *See e.g.* Doc. 68 at 2 (requesting a temporary restraining order), and *Id.* at 9 (requesting an injunction to last through the conclusion of this litigation). Because the difference between the two remedies is inconsequential for purposes of this Order, the Court will refer to them interchangeably.

the proposition that a preliminary injunction restraining the transfer of assets is a proper means of preserving the status quo during litigation. *In re Marcos*, 25 F.3d at 1478 (citing *Deckert*, 311 U.S. at 290). Significantly, the Ninth Circuit relied upon the *Deckert* Court's reasoning that without the preliminary injunction "the *legal* remedy against the defendant would be inadequate" because Defendant was likely to dispose of its assets. *In re Marcos*, 25 F.3d at 1478 (citing *Deckert*, 311 U.S. at 290).

Although the Ninth Circuit's treatment of *Deckert* suggests that a preliminary injunction is appropriate to protect access to a legal remedy, the Supreme Court in *Grupo Mexicano* apparently disagreed. The Supreme Court emphasized that the *Deckert* Court "took pains to explain, 'the bill state[d] a cause [of action] for equitable relief.'" *Grupo Mexicano*, 527 U.S. at 325 (quoting *Deckert*, 311 U.S. at 288). The preliminary injunction in *Deckert* was appropriate, according to the Court in *Grupo Mexicano*, because the primary relief sought in that case was equitable. *Id.*

Mere months after *Grupo Mexicano*, the Ninth Circuit acknowledged and refined the rule prohibiting equitable relief protecting monetary remedies. In *Walczak v. EPL Prolong, Inc.*, the Ninth Circuit drew a distinction from *Grupo Mexicano* on the grounds that the injunction in *Grupo Mexicano* amounted to a "freeze" on the defendant's assets, where the challenged injunction in *Walczak* only blocked the defendants from completing a transaction or liquidating their company. *Walczak*, 198 F.3d at 729-30. One can thus read *Grupo Mexicano* not as blocking *all* preliminary injunctive relief meant to protect legal remedies, but instead just as blocking asset freezes. This interpretation is buttressed by later Ninth Circuit cases such as *Wimbledon Fund, SPC Class TT v. Graybox, LLC* and *In re Focus Media, Inc.*, which both treat *Grupo Mexicano* as only blocking preliminary injunctions effecting freezes on assets. 648 Fed.Appx. 701, 702 (9th Cir. 2016); 387 F.3d 1077, 1081 (9th Cir. 2004).

*Wimbledon* and *Focus Media* also raise two important exceptions to *Grupo Mexicano*'s proscription on asset-freezing injunctions. *Focus Media* clarified that "*Grupo Mexicano* does not bar the issuance of a preliminary injunction where… the plaintiff in

an adversary bankruptcy proceeding alleges fraudulent conveyance…" *Focus Media*, 387 F.3d at 1084-85. *Wimbledon*'s rule has even fewer qualifications and holds exempt from *Grupo Mexicano*'s proscription "cases involving bankruptcy and fraudulent conveyances, and [naturally] cases in which equitable relief is sought." *Wimbledon*, 648 Fed.Appx. at 702 (citing *Focus Media*, 387 F.3d at 1085).

The Supreme Court even contemplated the exception for fraudulent conveyances in *Grupo Mexicano* but did not rule on the issue. The Court took no position on injunctions in cases under the Uniform Fraudulent Transfers Act in *Grupo Mexicano* but did recognize that the UFTA might modify the common-law rule behind the bar on injunctive relief. *Grupo Mexicano*, 527 U.S. at 324, n.7.

One can thus draw the rule that a preliminary injunction meant to preserve access to money for potential legal remedies, by way of an asset freeze, is only appropriate in cases seeking equitable relief, redress for claims under the Uniform Fraudulent Transfers Act, or relief in bankruptcy. Granting a preliminary injunction outside of those exceptions would exceed the equitable jurisdiction of the English High Court of Chancery in the year 1789, and per our Supreme Court, would exceed this Court's equitable jurisdiction, too.

B.

Plaintiff calls the Court's attention to a string of trial court cases, some of which are from this District, which cite *In re Marcos* for the proposition that district courts may grant preliminary injunctions to protect monetary remedies. Doc. 74, 5-6. Some of these cases are distinguishable from the one presently before the Court, none of them were published nor appealed, and not one mentions *Grupo Mexicano*.

In *Optimistic Inv.'s LLC v. Kangaroo Mfg. Inc.*, the court correctly noted that *In re Marcos* only applies, by its own terms, to cases where a party seeks only monetary damages and an injunction to protect their monetary remedy. 2022 WL 1203873, at *8 (D. Ariz. Apr. 22, 2022). The movant in *Optimistic* was not seeking monetary damages, however, meaning *In re Marcos* did not apply. *Id.* The court's discussion of that case was dicta and had no legal effect. Further, because the movant did not seek monetary

damages, granting the injunction would comply with *Grupo Mexicano*, which only answered whether certain injunctive relief was available in actions primarily seeking monetary damages. *Grupo Mexicano*, 527 U.S. at 310.

In *Merch. Transaction Sys.'s, Inc. v. Necela, Inc.*, the court relied upon *In re Marcos* when finding the movant would suffer irreparable injury without an injunction. 2010 WL 382886, at *3 (D. Ariz. Jan. 29, 2010). But the movant in *Merchant* was a judgment creditor, meaning it satisfied the Supreme Court's strict requirements. *Id.*; *See Grupo Mexicano*, 527 U.S. at 321 ("a judgment establishing debt [is] necessary before of court of equity [may] interfere with the debtor's use of his property.").

In *Ocean Garden Prod.'s Inc., v. Blessings Inc.*, the court cited *In re Marcos* when finding potential irreparable harm in a case where the plaintiff sought an injunction protecting a monetary remedy. 2019 WL 4752096, at *6 (D. Ariz. Sept. 27, 2019). *Ocean Garden* is distinguishable from the present case in that one of its claims sought redress for violations of Arizona's Uniform Fraudulent Transfers Act. As *Focus Media* and *Wimbledon* clarified, *Grupo Mexicano*'s proscription does not extend to cases alleging violations of the UFTA.

In *Red Head, Inc. v. Fresno Rock Taco, LLC* and *Eagle Broadband, Inc. v. Transcon. Prop.'s, Inc.*, courts cited *In re Marcos* when finding irreparable injury should no injunction issue in cases primarily seeking monetary damages. 2009 WL 37829, at *4 (N.D. Cal. Jan. 5, 2009); 2006 WL 8441642, at *4 (D. Nev. Apr. 4, 2006). But neither case cited *Grupo Mexicano*. The existence of two unpublished decisions is not enough to dissuade this Court from its understanding of the bounds of equitable jurisdiction as described in *Grupo Mexicano*.

## C.

As Defendant points out, Plaintiff has not requested relief under Rule 64 of the Federal Rules of Civil Procedure, although this may be the most viable option, given Plaintiff's concerns. Plaintiff briefly mentioned that the hotel sale might be a fraudulent transfer (Doc. 68 at 3; Doc. 74 at 2), but only cited Arizona case law, not Arizona's

UFTA. Should Plaintiff have pleaded a UFTA violation, this case might have been exempt from *Grupo Mexicano*'s proscription on certain preliminary injunctions. Additionally, a UFTA claim might have given rise to state law remedies. Defendant even cited ARS § 15-1521, which sets the requirements for pretrial attachment of a defendant's assets. Doc. 69 at 10. Despite this, Plaintiff has not requested relief under Rule 64 nor plead any violations of Arizona's UFTA, so this Court is unable to consider whether Plaintiff is entitled to any such relief.

### III. CONCLUSION

Plaintiff has requested a temporary restraining order (and presumably a preliminary injunction, too) under Rule 65 of the Federal Rules of Civil Procedure. This Court is unable to grant an injunction under Rule 65 in cases such as this one, where a plaintiff primarily seeks a legal remedy and no UFTA violations are alleged.

As such, IT IS ORDERED that Plaintiff's Application (Doc. 68) is DENIED.

Dated this 22nd day of March, 2023.

Honorable James A. Soto
United States District Judge