**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reliance Hospitality LLC,<br><br>  Plaintiff,<br><br>v.<br><br>5251 S Julian Drive LLC,<br><br>  Defendant. | No. CV-22-00149-TUC-JAS (MSA)<br><br>**ORDER** |

Pending before the Court are Plaintiff Reliance Hospitality LLC's motion to dismiss Defendant 5251 S. Julian Drive LLC's counterclaim for lack of prosecution and application for entry of Defendant's default. Both the motion and application are granted.

**I.   Background**

Last year, the Court denied summary judgment on Plaintiff's claim and partially denied summary judgment on Defendant's counterclaim for breach of contract. (Docs. 119, 120.) Before the joint proposed pretrial order was due, Defendant's attorneys moved to withdraw. (Doc. 124.) The Court granted the motion and directed Defendant—an LLC that cannot appear in federal court pro se—to find new counsel by February 28, 2025, or else be put into default. (Doc. 131.) As of today, more than a month after the deadline, Defendant still has not obtained counsel.

Plaintiff now moves to dismiss Defendant's counterclaim for lack of prosecution. (Doc. 134.) Plaintiff also seeks entry of default against Defendant as to Plaintiff's claim. (Doc. 132.)

## II. Legal Standard

A district court may dismiss a case for failure to prosecute. Fed. R. Civ. P. 41(b). It may also enter default against a party who violates a court order. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011); *see* Fed. R. Civ. P. 16(f)(1)(C) (authorizing sanctions when a party fails to comply with a pretrial order). Before doing either, the court must consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)) (entry of default); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991) (dismissal for lack of prosecution). In addition, given the severity of dismissal and default, the court must find that the violation occurred because of "the willfulness, bad faith, or fault of the [sanctioned] party." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).

## III. Discussion

"Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default." *Adriana Int'l Corp.*, 913 F.2d at 1412. In this case, Defendant violated the Order requiring it to find counsel no later than February 28. As such, the first and second factors support the issuance of sanctions. While the fourth factor generally weighs against sanctions, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). That is the case here, so the fourth factor supports Defendant only slightly.

The third factor supports sanctions when the offending party's actions "impair the

[other party's] ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp.*, 913 F.2d at 1412 (citing *Malone*, 833 F.2d at 131). So far as the Court can tell, Defendant has abandoned this case. This makes the next step in litigation—trial—impossible. Thus, Plaintiff has been prejudiced, and the third factor weighs in favor of sanctions.

The fifth factor also weighs in favor of sanctions. Given Defendant's abandonment of this case, there are no lesser sanctions that could be imposed to gain compliance. Indeed, Defendant was warned that its default would be entered if it did not comply. Defendant's noncompliance despite that warning is evidence that alternative sanctions are not feasible. *See id.* at 1413 (finding that the court's various warnings gave adequate notice of possible dismissal).[1]

Finally, the record establishes that Defendant's violation was willful. Defendant was notified that its former counsel were withdrawing and that it needed to find new counsel. Defendant also was served with Plaintiff's requests for sanctions. Given these notices, the Court concludes that Defendant's absence is within its control and therefore willful. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994) ("Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." (citing *Henry v. Gill Indus.*, 983 F.2d 943, 948 (9th Cir. 1993))).

**IV.  Conclusion**

The relevant factors weigh in favor of dismissing Defendant's counterclaim and entering Defendant's default as to Plaintiff's claim. Therefore,

**IT IS ORDERED:**

1. The referral of this matter to Magistrate Judge Aguilera is **withdrawn** as to the motion to dismiss (Doc. 134) and application for entry of default (Doc. 132).

2. Plaintiff Reliance Hospitality LLC's motion to dismiss (Doc. 134) is **granted**. Defendant 5251 S. Julian Drive LLC's counterclaim (Doc. 18) is **dismissed with**

---

[1] The Court warned Defendant about entry of default on Plaintiff's claim; it did not warn about dismissal of Defendant's counterclaim. Nevertheless, Defendant should have expected that the latter would also occur. *See Adriana Int'l Corp.*, 913 F.2d at 1413 (reaching a similar conclusion on similar facts).

1 | **prejudice** for failure to prosecute.

2 |     3.    Plaintiff's application for entry of default (Doc. 132) is **granted**. The Clerk of Court is directed to **strike** Defendant's answer to the complaint (Doc. 18) and enter Defendant's default.

    4.    Plaintiff must file its motion for default judgment no later than **May 2, 2025**.

Dated this 15th day of April, 2025.

_____
Honorable James A. Soto
United States District Judge