**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reliance Hospitality LLC,<br><br>Plaintiff,<br><br>v.<br><br>5251 S Julian Drive LLC,<br><br>Defendant. | No. CV-22-00149-TUC-JAS (MSA)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff Reliance Hospitality LLC's motion for default judgment. The motion was served on Defendant 5251 S. Julian Drive LLC, but Defendant has not responded and the time for doing so has expired. For the following reasons, the Court will recommend that the motion be granted.

## Background

Plaintiff filed this suit in Arizona superior court, and Defendant removed it to this Court in March 2022. (Doc. 1.) The parties actively litigated this matter until September 2024, when the Court decided Plaintiff's summary judgment motions and found issues for trial. (Docs. 115, 116, 119, 120.) Thereafter, the Court granted defense counsel's motion to withdraw and ordered Defendant, a limited liability company that cannot appear in federal court pro se, to find new counsel. (Doc. 131.) Defendant failed to obtain counsel, so the Court entered Defendant's default and gave Plaintiff a deadline to file a motion for default judgment. (Doc. 135.) That motion is now before the Court. (Doc. 137.)

The general rule is that "[w]ell-pleaded allegations are taken as admitted on a default

judgment." *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986) (citing *Thomson v. Wooster*, 114 U.S. 104, 114 (1885)). Plaintiff alleges as follows: Plaintiff is a hotel management company, and Defendant owns a hotel in Tucson, Arizona. (Doc. 1-4, ¶¶ 3–4.) The parties entered into a contract under which Plaintiff agreed to manage Defendant's hotel. (*Id.* ¶ 5.) The contract required, among other things, that Defendant fund an operating account to cover salary, payroll taxes, and fringe benefits. (*Id.* ¶ 15.) It also required that Defendant reimburse Plaintiff for any funds advanced on Defendant's behalf. (*Id.*) Finally, it required that Defendant keep the hotel in compliance with all building safety codes. (*Id.* ¶¶ 19–20.)

Defendant failed on several occasions to cover the hotel's expenses. (*Id.* ¶ 16.) After Plaintiff covered the expenses with its own funds, Defendant failed to reimburse Plaintiff. (*Id.* ¶¶ 16–18.) Defendant also failed to replace the hotel's fire alarm system despite notice from Plaintiff that the system did not meet building safety codes. (*Id.* ¶¶ 19–20.) Defendant failed to cure these breaches, so Plaintiff terminated the contract. (*Id.* ¶ 23.)

**Discussion**

There are three steps in the default judgment analysis. The Court must confirm that it has subject matter and personal jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court must then decide whether default judgment is proper under the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). If default judgment is proper, the Court must then determine the plaintiff's damages. Each issue is addressed in turn.

**I.     Jurisdiction**

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). The statute's first requirement is diversity of citizenship. The citizenship of a limited liability company is the same as the citizenship of the company's members. *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016)). So, Plaintiff is a citizen of Arizona and Illinois, and Defendant is a citizen of New York, New Jersey, and Israel. (Doc. 1, ¶ 9.) There being no shared citizenship, diversity has been established. The second requirement, an amount in controversy exceeding $75,000, is met because Plaintiff's state filings show an amount in

controversy of at least $100,000. (Doc. 1-6.)

The Court has personal jurisdiction over the parties. A party waives the issue of personal jurisdiction by making a general appearance. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). Both parties made a general appearance in this case, evidenced by them actively litigating the matter for over two years.

## II.   *Eitel* Factors

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). In exercising its discretion, the district court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72 (citation omitted).

The first factor favors entry of default judgment. Plaintiff would be prejudiced if its motion were denied because it would "likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The second and third factors favor entry of default judgment. To prevail on its claim of breach of contract, Plaintiff must show that "(1) a contract existed, (2) it was breached, and (3) the breach resulted in damages." *Steinberger v. McVey ex rel. County of Maricopa*, 318 P.3d 419, 434 (Ariz. Ct. App. 2014) (citing *Thunderbird Metallurgical, Inc. v. Ariz. Testing Lab'y*, 423 P.2d 124, 126 (Ariz. 1967)). Taking Plaintiff's allegations as true: (1) there was a hotel management contract between Plaintiff and Defendant, (2) Defendant breached the contract by failing to reimburse Plaintiff for the hotel's expenses, and (3) the funds advanced by Plaintiff that were not reimbursed are damages that were directly caused by Defendant's breach. Thus, the complaint sufficiently sets forth Plaintiff's claim, and that claim has merit. *See PepsiCo*, 238 F. Supp. 2d at 1175 (explaining that the second and

third factors support entry of default judgment when the complaint states a claim to relief (citing *Kloepping v. Fireman's Fund*, No. C 94-2684, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996))).

The fourth factor favors entry of default judgment. This factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Plaintiff's damages are contractual in nature. They are directly proportional to Defendant's wrongful conduct and are not excessive.

The fifth factor favors entry of default judgment. Although the Court found triable issues on summary judgment, the Court has since stricken Defendant's answer and deemed Plaintiff's allegations admitted. *See Benny*, 799 F.2d at 495 (stating that the plaintiff's well-pleaded allegations are taken as true on default judgment). As such, there is no dispute over material facts.

The sixth factor favors entry of default judgment. Given that Defendant actively litigated this case for years, there is no chance that its default was the product of excusable neglect. Indeed, defense counsel's motion to withdraw makes clear that Defendant (through its officer) simply abandoned this case.

The seventh factor weighs against entry of default judgment, but only marginally. This is because while "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, Defendant's abandonment of this case "makes a decision on the merits impractical, if not impossible," *PepsiCo*, 238 F. Supp. 2d at 1177.

\* \* \*

On balance, the *Eitel* factors favor entry of default judgment.

**III.   Damages**

A default does not result in the admission of the plaintiff's damages allegations. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)). Thus, a plaintiff seeking a default judgment for money damages must prove its damages

with admissible evidence. *NewGen, LLC*, 840 F.3d at 617. Such evidence may take the form of a declaration. *See id.*

Plaintiff's executive, Bryan Fish, submitted a declaration asserting that Defendant failed to adequately fund the hotel's operating account. (Doc. 137-2, ¶ 6.) As a result, Plaintiff covered the expenses out of its own pocket. (*Id.* ¶ 6.) These included $39,756.84 for the employee payroll; $3,115.00 for workers' compensation premiums; $68,091.07 for health insurance premiums; and $11,365.31 in miscellaneous business expenses. Fish's declaration is sufficient to determine Plaintiff's direct contractual damages. As such, the Court will recommend that a default judgment for damages be entered in Plaintiff's favor.

## IV.     Attorney's Fees and Costs

Plaintiff requests fees under A.R.S. § 12-341.01(A), which provides that, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." This "[l]anguage is permissible, and there is no requirement that the trial court grant attorney's fees to the prevailing party in all contested contract actions." *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (alteration in original) (quoting *Autenreith v. Norville*, 622 P.2d 1, 3 (Ariz. 1980)).

Here, the relevant factors support an award of fees. First, although it was by default, Plaintiff prevailed in this matter completely. *See id.* (listing the extent to which the plaintiff prevailed as a relevant factor). Second, Plaintiff attempted in good faith to settle this case, including at a settlement conference, but Defendant refused to even make a settlement offer although it had pledged to do so. *See id.* (listing the parties' attempts to settle as a relevant factor). Third, the fact that Defendant abandoned this case suggests that its defense to Plaintiff's claim, and its counterclaim, were of questionable merit. *See id.* (listing the merits of the losing party's claim or defense as a relevant factor). Fourth, this case involved a straightforward breach-of-contract claim, rather than some novel question of law. *Cf. Scottsdale Mem'l Health Sys., Inc. v. Clark*, 791 P.2d 1094, 1099 (Ariz. Ct. App. 1990) (denying fees in part because the case involved novel questions of Arizona law). Fifth, there is no indication in the record that awarding fees would pose an extreme hardship on

1  Defendant. *See Warner*, 694 P.2d at 1184 (listing extreme hardship as a relevant factor).
2  Finally, as this case was between sophisticated parties, an award of fees would not
3  discourage others with similar claims or defenses from litigating. *See Knightbrook Ins. v.*
4  *Payless Car Rental Sys., Inc.*, No. CV12-01671-PHX, 2019 WL 5390477, at *2 (D. Ariz.
5  Oct. 22, 2019) (reaching the same conclusion where the case was "between two large and
6  sophisticated corporations").

7  Therefore, Plaintiff is entitled to a reasonable attorney's fee. "To determine whether
8  the requested attorneys' fees are reasonable, 'the Court looks to whether the hourly rate is
9  reasonable and whether the hours expended on the case are reasonable.'" *Universal Servs.*
10 *of Am. LP v. Mazzon*, No. CV-23-00463-PHX, 2024 WL 4418331, at *4 (D. Ariz. Oct. 4,
11 2024) (quoting *Maguire v. Coltrell*, No. CV–14–01255–PHX, 2015 WL 3999188, at *3
12 (D. Ariz. July 1, 2015)). As for a reasonable rate, "[t]he best indicator of a reasonable
13 hourly rate for a fee-paying client is the rate charged by the lawyer to the client." *Id.*
14 (quoting *Jackson v. Wells Fargo Bank, N.A.*, No. CV-13-00617-PHX, 2015 WL 13567069,
15 at *2 (D. Ariz. Oct. 23, 2015)). Counsel's declaration and billing statements show that lead
16 counsel and another associate billed up to $400 per hour, that a partner billed up to $475
17 per hour, that junior associates billed up to $275 per hour, and that support staff billed up
18 to $175 per hour. (Doc. 137-3.) Lead counsel asserts that these rates are reasonable given
19 the nature of this case, the fees charged in similar cases, and the skill and experience of the
20 professionals involved. (*Id.* at 5, ¶ 19.) The Court agrees that these rates are reasonable.

21 As for the hours reasonably expended, the prevailing party generally may recover
22 "for every item of service which, at the time rendered, would have been undertaken by a
23 reasonable and prudent lawyer to advance or protect his client's interest." *Mazzon*, 2024
24 WL 4418331, at *5 (quoting *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931–32
25 (Ariz. Ct. App. 1983)). The unsuccessful party bears the burden to "provide specific
26 references to the record and specify which amount of items are excessive." *Id.* (quoting *In*
27 *re Indenture of Tr. Dated Jan. 13, 1964*, 326 P.3d 307, 319–20 (Ariz. Ct. App. 2014)).
28 Here, counsel seeks $95,059.70 in fees. Defendant has not met its burden to object to the

reasonableness of these fees. Furthermore, the Court has reviewed counsel's task-based billing statement and finds that the time spent by counsel was reasonable. (Doc. 137-3.) Therefore, the Court will recommend granting the requested fees.

Plaintiff also requests $197.61 in costs. Under Arizona law, "[t]he successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law." A.R.S. § 12-341. The statute is mandatory, so the Court will recommend that Plaintiff be awarded its costs. *See Dickson v. Travelers Cas. Ins.*, No. CV-23-01906-PHX, 2025 WL 460819, at *6 (D. Ariz. Feb. 11, 2025) (awarding costs under § 12-341).

## Conclusion

The Court recommends (1) that Plaintiff's motion for default judgment (Doc. 137) be **granted**; (2) that a default judgment be entered against Defendant in the amount of $217,585.53 ($122,328.22 in damages plus $95,257.31 in attorney's fees and costs); and (3) that Plaintiff be awarded post-judgment interest at the current rate.

This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. The parties have 14 days to file specific written objections with the district court. Fed. R. Civ. P. 72(b)(2). The parties have 14 days to file responses to objections. *Id.* The parties may not file replies on objections absent the district court's permission. A failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

**Plaintiff must serve this report and recommendation on Defendant in accordance with Federal Rule of Civil Procedure 5(b) and must file a notice informing the Court that it has done so.**

Dated this 30th day of May, 2025.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge